**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KELLY LEONARD JACOB,

    Defendant.

No. CR07-2002-MWB
No.CR07-2017-MWB

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA**

## *I. INTRODUCTION AND BACKGROUND*

On July 26, 2007, an indictment was returned charging defendant Kelly Leonard Jacob with inducement and coercion of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and with transporting child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1) (case no. CR07-2002-MWB), and August 8, 2007, an indictment was returned charging defendant Kelly Leonard Jacob with attempted inducement and coercion of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), transporting and attempting to transport child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1), and interstate travel with intent to engage in criminal sexual activity with a minor, in violation of 18 U.S.C. § 2423 (b) (case no. Cr07-. On January 10, 2008, defendant appeared before United States Magistrate Judge Jon S. Scoles and entered a plea of guilty to Counts 1 and 2 of the indictment in CR07-2017-MWB, and Count 1 of the indictment in CR07-2002-MWB. On this same date, Judge Scoles filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Judge Scoles's Report and Recommendation were filed. The

court, therefore, undertakes the necessary review of Judge Scoles's recommendation to accept defendant's plea in this case.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Scoles's Report and Recommendation of January 10, 2008, and accepts defendant's plea of guilty in this case to Counts 1 and 2 of the indictment in CR07-2017-MWB, and Count 1 of the indictment in CR07-2002-MWB.

**IT IS SO ORDERED.**

**DATED** this 25th day of January, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA